UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MABEN,

    Plaintiff,                          Case No. 2:16-cv-10602

v.                                      HONORABLE STEPHEN J. MURPHY, III

TROY THELEN,

    Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTIONS [9, 16, 17], GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [13], AND DISMISSING THE CASE**

Plaintiff James Maben brought an action under 42 U.S.C. § 1983 against Corrections Officer Troy Thelen in both his individual and official capacities. Maben alleges that Thelen retaliated against him for filing a grievance with the Michigan Department of Corrections ("MDOC"). Compl. 3, ECF No. 1. Before the Court is Thelen's motion for summary judgment and three other motions filed by Maben. The Court will deny Maben's motions, grant Thelen's motion, and dismiss the case.

## BACKGROUND

On October 19, 2015, Maben was incarcerated at the Central Michigan Correctional Facility. According to Maben, while he was being served lunch, he noticed that he was served less than a full serving of food. Compl. ¶ 4, ECF No. 1. He asked the food service workers why he was given a small portion. *Id.* at ¶ 6. Thelen then said to Maben, "shut the f--k up if you want to eat." *Id.* at ¶ 7. Thelen continued, "you acting like a little b--h is not going to change anything." *Id.* at ¶ 9. Thelen then asked Maben for his identification and told him that "if you're going to complain then you're going to get a misconduct for it." *Id.* at ¶ 10.

Thelen wrote Maben a misconduct ticket later that day for "creating a disturbance." Misconduct Report, ECF No 13-2. A hearing was held three days later, on October 22, 2015, and Maben was found guilty of misconduct. Misconduct Hr'g Report, ECF No. 13-2. As a sanction, Maben was denied privileges for seven days. *Id.*

Maben characterizes his inquiry about the food as a "grievance" under the MDOC's policies; Thelen's reaction constituted retaliation for filing the grievance. Maben says he was "embarassed, demeaned, and humiliated" by his encounter with Thelen and has subsequently received short portions at meals because he fears retaliation from Thelen. Compl. ¶ 11–12, ECF No. 1. Consequently, he claims that the encounter has left him feeling that he can no longer comply with the prison's grievance procedure. *Id.* ¶ 11.

## STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro.*

*Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

I.  Thelen's Motion

Thelen raises three arguments in his motion for summary judgment. First, he is immune from suit in his official capacity pursuant to the Eleventh Amendment. Second, he is entitled to qualified immunity in his personal capacity. And third, even in the absence of any immunity, summary judgment is appropriate because Maben has failed to establish a First Amendment retaliation claim. The Court need only address the third argument.

In general, "[a] retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). But "First Amendment rights, like many other rights, are circumscribed in the prison setting," and "prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern." *Id.* at 390, 395. "Therefore, if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* at 395.

Even when viewing the evidence in a light most favorable to Maben, he cannot proceed beyond step one. In Maben's telling, he politely asked why he was not given more food. Resp. 12, ECF No. 14. According to Maben, Thelen then erupted and caused a disturbance in the chow hall, but blamed the disruption on Maben and wrote him a

3

misconduct ticket. *Id.* Thelen says Maben caused the disturbance. Thelen Aff., ECF No. 13-2. But the dispute as to what really occurred was already adjudicated by the MDOC in the course of its grievance process. *See* Misconduct Hr'g Report, ECF No. 13-2. The Hearing Officer determined that Maben was in fact disruptive and therefore upheld the misconduct report at a hearing. And federal courts give preclusive effect to the factual findings at misconduct hearings like Maben's. *See Roberson v. Torres*, 770 F.3d 398, 403 (6th Cir. 2014).

On many occasions, the Sixth Circuit has, in unpublished opinions, upheld the so-called "checkmate doctrine." *See Annabel v. Frost*, No. 14-10244, 2015 WL 1322306, at *5 (E.D. Mich. Feb. 17, 2015), *report and recommendation adopted*, No. 14-10244, 2016 WL 270294 (E.D. Mich. Jan. 22, 2016) (collecting cases). Under that doctrine, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)); s*ee also Thomas v. Eby*, 481 F.3d 434, 441–42 (6th Cir. 2007) (noting the limits of the doctrine at the motion to dismiss stage but recognizing its applicability at summary judgment).

Here, Maben was found guilty of misconduct in the MDOC hearing. The finding "checkmates" Maben's retaliation claim. He has failed to establish a First Amendment retaliation claim and the Court will grant Thelen's motion for summary judgment.

II.  Maben's Motions

Maben has filed three motions. He seeks a temporary restraining order, he moves to strike part of Thelen's reply to his response to the motion for summary judgment, and he moves for the Court to appoint counsel for him. The Court will deny all three motions.

A. <u>Motion for Temporary Restraining Order (ECF No. 9)</u>

In his motion for a temporary retraining order, Maben lists several disparate complaints about his treatment by MDOC employees, ranging from his allegedly wrongful transfer to another facility to the MDOC's alleged failure to accommodate his disabilities. For relief, he asks the Court to order the MDOC to transfer him to another facility, to provide him with legal writing assistance, and to pay him $50.00 per month until he is reinstated in his former job within the prison. He also asks to amend his complaint by tripling the amount of damages sought. Mot. 6, ECF No. 9.

Generally, the purpose of a preliminary injunction is to maintain the status quo until a decision can be reached on the merits of the underlying case. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). That is not the case here. Instead, Maben seeks relief only tangentially related to the underlying complaint, and none seeks to preserve the status quo. Moreover, before filing any federal lawsuit challenging prison conditions, a prisoner must exhaust all available administrative remedies. *Smith v. Fed. Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Maben has made no showing that he has exhausted administrative remedies to any of the relief sought in his motion.

The Court will construe the portion of the motion seeking to amend the Complaint as merely a motion to amend. But because the Court will grant the motion for summary judgment, amending the complaint as to damages is moot. The motion in its entirety will therefore be denied.

B. <u>Motion to Strike (ECF No. 16)</u>

Maben moves for the Court to strike portions of Thelen's Reply (ECF No. 15) on the grounds that it is "redundant, immaterial, [and] impertin[e]nt" in violation of Rule 12(f). Mot.

2, ECF No. 16. He also argues that the brief is "slanderous" because it alleges, without foundation, that Maben raised his voice and was disruptive. *Id.* Finally, Maben argues that the Reply does not comport with Rule 7(a).

The Court finds that no statements in the Reply violate Rule 12(f) and notes that Rule 7(a) is inapplicable, as it governs pleadings, not motions. The Court will deny the motion to strike.

    C.    <u>Motion to Appoint Counsel (ECF No. 17)</u>

Finally, Maben moves for the Court to appoint counsel for him. Because the Court will grant Thelen's motion for summary judgment and dismiss the case, Maben has no need for appointed counsel, even if he were eligible for such relief. The Court will therefore deny the motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motions for a Temporary Restraining Order [9], to Strike [16], and to Appoint Counsel [17] are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

    **SO ORDERED**.

                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: March 1, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2017, by electronic and/or ordinary mail.

                                    s/David P. Parker
                                    Case Manager